Well here the final case Trikona Advisers v. Chuck or Chiu. May it please the court my name is Andrew Bowman I represent the plaintiff Trikona Advisers Limited if the court accepts there is a question as the subject matter I was just going to address if the court accepts our argument that there can be no comedy in the absence of chapter 15 recognition then there is diversity and subject matter jurisdiction if the court does not accept our argument on chapter 15 then there is no diversity and there is no subject matter jurisdiction I am assuming my question was complaint names five LLC's or partnerships as defendants so an LLC and a partnership have the partners and so if any of the five has a member or a partner that is a foreign citizen there would not be diversity jurisdiction here if any of the partners or LLC's has as a member or a partner a partnership then you'd have to look at the members or partners of that additional entity and in it that the is it in fact true that there is no partner or member of any of the defendant partnerships or memberships that is a foreign citizen my understanding is that let's say chug is a US citizen peak 15 are limited partnerships and I must represent the court that I don't know the members of the of the peak 15 Delaware the reason why there was an additional question is that there's also an allegation that there's a foreign office for some of these entities which down the line foreign entity and that should have been alleged in the complaint and have you have you checked as you stand there now can you represent to us that indeed there is complete diversity here I cannot because I do not know who the limited partnership members of peak 15 or the well I think that the I think that the answer would be that it should be remanded to the district court for a determination of who the members of the peak 15 general limited partnerships are was it your burden to allege subject jurisdiction in the complaint did you do that I think that by alleging the Delaware citizenship in the principal place of businesses of the peak 15 entities that that was a sufficient allegation how does that comply with the well it is if if any individual partner or member is a foreign entity or citizen there would not be subject matter jurisdiction that is true that is the whole thing in a miracle I cannot represent to the what do you suggest that we do that remanded for a hearing on subject matter jurisdiction I think that facially the complaint is sufficient so that if there is an issue about that that it should be your law that says it's facially sufficient if you don't make that representation and you're telling me you couldn't make the representation because you never checked well I did your law that says it's facially sufficient in these circumstances I don't have authority for that and forget about what logs is why shouldn't we just create a rule that says you've got a at least allege full diversity when you have a trust we can't can't perceive I assume that the attorney who represented tall had a sufficient good faith basis of asserting diversity jurisdiction well maybe he had a good faith basis but if it turns out that there isn't diversity then that's that's the end I mean you have to explore you know there was a case here about Oh ten years ago in which firms like Davis Polk and other top firms litigated against one of the defendants was Lloyd's of London Lloyd's of London has named members on policies and that and and and there is no Lloyd's of London for jurisdictional purposes it's the named members that are are are determinative and that was uncovered ten years into the litigation and with all the attorneys fees and everything else that had been generated this massive litigation and that was the end of the case it was on appeal in fact I don't think it was even the first time it was on appeal that this had come up but it was a simple question that one of the judges asked and all of a sudden the parties woke up to this problem first find out that you were not in a position to represent to us when I received your order when I received your order which was I think Wednesday last week and I did not represent Tricona in the court so it was not an issue that I had ever been either alerted to was not raised in any of the litigation below was not raised anywhere but I might also suggest to the court recognize that it is our burden that counsel for the defendants is here and he can make that representation of the court well let's hear from the other side John Balistrieri for the police good morning your honors we're fine there is complete diversity here our firm I'm here with my colleague Stephan Savage we did represent these individuals below and represent them and individual entities and represent them in related actions and so it was always our understanding that in this case because there are multiple cases that there has been complete diversity in response to the court 15 members the peak 15 members your honor so there's peak 15 GP LLC the sole member is peak XV capital which is a Connecticut entity then there's peak capital LLC that is also a Connecticut entity the sole member of that is the RC family trust the beneficiaries of the RC family trust are Connecticut residents there's two trustees one is a Connecticut resident one is a New Hampshire resident there's also peak XV capital advisors LLC that's a Connecticut company the members are individual u.s. citizen Raksha and then arc capital which is an LLC that is located in Connecticut you've checked for for all of the defendants that were LLCs or partnerships and none of them has a partner or a member that is a foreign citizen that is correct your honor just because there is a long record here where some of the confusion could come from is that there was an inaccurate pleading that some of these peak members had foreign offices they didn't they they don't now they didn't at the time and mr. chug and mr. cholera who are the individuals and really either side of the V here were both original they were born in India but their u.s. citizens now have been since before this litigation began and you're content to proceed with the appeal on the merits based on your representations that indeed there was complete diversity here absolutely your honor everything has been litigated in this case and while we did not represent everyone initially if there would have been a basis to toss out this case in the district court on subject matter jurisdiction grounds we would have done it yes your honor all right why don't we why don't you sit down and we'll let your colleague have a couple of minutes to address the merits thank you then we'll let you get back up understood thank you judge yeah my only concern is you could have checked this last week with counsel and then we wouldn't have even you could have stood up and said that there's no disagreement and made the representation but in any event why don't you go ahead and address the merits on December 28 2011 Tricona I came in corporation formed in March of 2006 with a principal place of business in New Delhi India and Asia-Pacific brought a derivative and an action in towels own name against chug and the defendants alleging a breach of fiduciary duty know that the real question we have here is whether this foreign proceeding came and wind up proceeding whether the judge there's that rejection of the unclean hands argument has preclusive effect here on your suit here and you give us various reasons why you don't think that's the case yes that's what we're focusing on so why don't first of all can we agree apart from your arguments as to why it doesn't apply that if it did apply that there you would be precluded because that all of the various grounds that you are necessary to the outcome down there our first and primary argument is that in the absence of chapter 15 recognition comedy cannot be so so so so so then so having crossed that first hurdle that I suggested maybe you can now just address your points no comedy and chapter 50 first of all the on September 4 2012 the same judge stated in a statement of reasons that although there will be an overlap in evidence the causes of action in Connecticut and in Cayman are obviously different in evidence about the way in which Mr. Cara and Mr. to behave in the claims of fiduciary duty breach will not be addressed by this court I mean he explicitly says that and then he goes on in his final decision to give seven independently sufficient grounds for winding up tall now the his decision on each of those points which had to be made for all of them otherwise it would have been on clean hands and the wind-up couldn't have occurred whether those those are they match the the arguments that you're making here and therefore if if they would have perclusive effect wouldn't they well I think it's a step for your arguments about comedy in chapter 15 well our arguments also talk about the fact that the defendants represented to the district court below that the Cayman winding up proceeding would have absolutely no adverse effect upon that proceeding and would not impair the district courts jurisdiction I mean this is a case where the seating in the Cayman started after the case was filed yes it did so how that that speculation isn't I mean you know so what what would happen in the future in the Cayman's and how it would affect the proceedings here well it all happened it all happened quickly I mean the the breach of fiduciary duty action was brought in December of 11 they filed in Cayman in February of 2013 judge Jones gave the reason saying that the causes of action were different in in September and then the following January renders his opinion and basically the opinion I divest the district court in Connecticut of being able to decide any of the issues if that ruling is given a preclusive effect I mean what happened here was that the defendant saw an opportunity to get out from under this breach of fiduciary duty in personam action in the district court in Connecticut and filed a winding up proceeding in the Cayman Islands and that case moves much more quickly the client put the breach of fiduciary duty issue in dispute in the Cayman Islands I would have claimed by the uncle the unclean hands correct they did do that but they also alleged that it was an abusive process because it was brought specifically to undermine the Connecticut in personam whatever the motivation was there was a ruling that dealt with the unclean hands issue as Judge Walker indicated and why why shouldn't that have preclusive effect because the basis of Judge Jones's ruling were seven independent grounds any one of which would have been sufficient under Cayman law to decide the case in under the law of the state of Connecticut where you have independent grounds more than two where any one of them could have been determinative and deciding the case then that would not be conclusive with respect to either issue standing alone here the judge decided seven different grounds any one of which would have been sufficient to decide the tall winding up case in under Dowling versus Finley which was a Connecticut Supreme Court case which expressly adopted comment I to the secondary statement of judgment section 27 the court said the view we express in the opinion has been embraced as well in the comments to section 27 common it precludes collateral estoppel effect when the prior adjudication is based on alternative determinations if a judgment of a court of first instance is based on determinations of two issues either of which standing independently would be sufficient to support the result the judgment is not conclusive with respect to either issue standing alone we believe that specifically under Connecticut law judge Jones decision is not entitled to finding generally speaking that there was no misconduct and when that's soon within it although you know anything there's no there's no way out here it seems to me but maybe I'm missing something well mr. Chuck was not a party mr. Caldwell was not a party the only parties to the were Asia-Pacific ARC in Haida wasn't there a finding that there's no misconduct by mr. that was part of the Jones decision and that was necessary to decide that case because if there had been any one of those seven grounds then the wind-up couldn't have occurred correct there would have been unclean hands if they're unclean hands the petition would have the winding up petition would have been struck in yeah okay struck out there to be a finding of unclean hands now there that would contradict the earlier finding of no misconduct correct yes but you can have two minutes for a rebuttal and we'll hear from the other side I think at this point it's good afternoon your honors the the exact same evidence was presented by tall or rather by Asia-Pacific in the winding up that they wanted to submit here in fact in this is in essay 38 where there was discussion during a proposed anti-suit injunction counsel for tall when speaking of both the winding up and of this action the district court action said they involved the same evidence from our point of view the trial in the Cayman Islands is going to be from our point of view whether or not mr. chug engaged in appalling conduct or breach of fiduciary duty that brought about his removal and as we've discussed in the justice Jones the the judge there and after a full common-law trial which included cross-examination founded as judge chin said no misconduct by mr. chug there was a little bit of a discussion about chapter 15 it simply doesn't apply I can address it if the court wishes but we get into this in our papers with regards to this this comment and we've we've talked about this not only in this action but in others on September 4th 2012 judge Jones did say I don't need to address fiduciary duty at this point but September 26th Asia Pacific amended its defense and took almost entirely every allegation they were making here and put that before the came in court and made it in essence what their proceeding was about and I think it's if I can find this judge Underhill whose decision should be affirmed its entirety puts it well when he says having chosen to fight the winding up petition by advancing as raised in this litigation the plaintiff cannot now avoid the consequence of its actions had it not made the defense this is not an argument we could make it did make the defense it was litigated that does have preclusive effect here there was a question from judge lawyer about why why have this winding up at all it was because they couldn't get along it wasn't about the fiduciary duty so there was a completely legitimate reason for the chug parties as we've called them to after the suit which began here in December of 2011 this company could not proceed in fact Mr. Carr has said himself during the winding up trial and that was the reason for the winding up to begin and judge Underhill himself said well they cannot be an abusive process if the winding up was successful then the appeal from that was dismissed and even the appeal to the Privy Council was rejected so there's there's been many courts reviewing much of the conduct with regards to the privity of parties so in the winding up in the Cayman yet Asia-Pacific that is the party the plaintiff which began this action derivatively and then Mr. cholera took control of what has been called tall tricone advisors limited and that tall bring it so this privity between Asia-Pacific and tall then down the petitioners of the winding up where arc which is a defendant here and Haida ha IDA that's not a party we see anywhere here that's a foreign party and they acknowledged they didn't sue Haida for the very subject meta-jurisdiction issue we were discussing earlier you'd have foreign against foreign and then they wouldn't be able to proceed but the judge Underhill found and judge Jones noted how arc and Haida are essentially the the the entities which own the chug families interest as these other Asia Pacific owns the cholera family interest so you have privity of parties as well if there are no further questions we rest original position of course before the affirmative defenses was that the fiduciary duty issues were not relevant to the actions that correct that's correct because the at that point it wasn't put before the the winding up though judge Joe excuse me judge Underhill in the argument on the anti-suit injunction acknowledge that even if they were identical you need he was saying to tall you need to show me why we should jump the line I think is the the line that he where he uses when they had chosen to seek a an injunction and so there were months of discovery on that and on the bankruptcy the chapter 15 issue my right I thought I saw yes your honor so as noted before there are multiple proceedings here judge Miller who is the Connecticut Superior Court judge in the complex litigation docket kind of akin to the commercial division down here he found that a very different issues should be barred by chapter 15 with respect to judge Miller I think he's wrong we've noticed an appeal from that but in any event that was about the remind me Mr. Bowman wrote a letter to the court and but but with regards to that issue because it hasn't been briefed we wrote a letter on it with regards to that issue not only respectfully do I think judge Miller's wrong and not finding on this court it's about something totally different that is about domestication of a particular order from the Cayman Court not about collateral estoppel about findings of fact and how that could determine make it under chapter 15 that might be required to have a foreign representative make the make the application under the circumstances where you're where you're trying to enforce an order I think you put it right it might be different from these facts what that is certainly our your honor yes non-bankruptcy action and so chapter 15 doesn't apply and and no one is seeking to have a foreign liquidator come in here and say anything which is or a foreign order as judge Walker does that thank you thank you your honors in my understanding of chapter 15 is that it applies to foreign insolvency proceedings and this was a winding up insolvency proceeding I think that judge Sweet's opinion and Bear Stearns circumstances under which chapter 15 applies assistance is sought in the United States by a foreign court in connection with a or a foreign representative in connection with the foreign proceeding this is assistance is sought in a foreign country in a foreign proceeding on a case under this title with respect to the same debtor pending concurrently and creditors or other interested persons in a foreign country have an interest in requesting the commencement of or participating in the case or proceeding under this title so isn't this section designed to solve the problem of assets in different jurisdictions that are and where assistance is needed and discoveries needed and so forth in order to in order to complete the bankruptcy it's quite different from saying that a foreign proceedings is going to have preclusive effect in an unrelated domestic proceeding that isn't tied to the bankruptcy my understanding is that in order to give preclusive effect or to actually to recognize a foreign judgment in an insolvency proceeding you must go through chapter 15 recognizing it in the same way where you had take the judgment into court and you're trying to seek getting get it enforced what you're doing is you're recognizing issues that were raised in a foreign proceeding that resulted in a judgment in that proceeding and and determining whether or not they should have preclusive effect in another country in a different proceeding not related directly to the bankruptcy well our position is that the absence of requiring individuals to go through chapter 15 then you have the same chaotic situation where anybody who gets a foreign judgment can seek comedy of that judgment in state court who should have acted to comply with 15 under your scenario the liquidator in and our position is that the only reason that the JOL the joint official liquidator can amount to our trustee the only reason that the that chapter 15 speaks in terms of a foreign representative is exactly to prevent this kind of situation where any party to a foreign liquidation proceeding can seek in state court recognition of that proceeding my understanding was that in 2005 Congress wanted to make the procedure for recognition of foreign insolvency judgments uniform by requiring them to go through the bankruptcy courts pursuant to chapter 15 and only the representative the official representative of that foreign court could make that application not people who were parties to the litigation usually in the context of a bankruptcy proceeding here no I believe that I think you have to start in the ancillary proceeding here I think under chapter 15 if the joint official liquidator wanted to come to the United States to enforce any part of this judgment then they would have to bankruptcy court we're comparing apples and oranges here that's to wind up a bankruptcy is you know there are international procedures that have been established by by chapter 15 but that's different from what we have in this case which is the utilization of prior determinations on issues of fact that had to be decided as whether or not in deciding whether that or not they the mission should be re-litigated the prior the prior law section 304 had to do with discretion of judges as to whether they were going to recognize a foreign liquidation judgment you're what the court is basically saying is there's been no change in that with respect to anyone other than a foreign representative who in this case would be a joint official liquidator and we respectfully disagree. Thank you. We'll reserve the decision that completes the calendar for today. I'll ask the clerk to adjourn.